UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA HART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14 CV 1299 CDP |
| | ) | |
| NATIONWIDE MUTUAL INS. CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on defendant's motion to alter or amend the judgment. On March 23, 2016, I granted summary judgment in favor of defendant on plaintiff's ERISA claims on the ground that plaintiff was not a participant in the ERISA plan as a matter of law. [27]. In accordance with that Memorandum and Order, I entered a Judgment dismissing plaintiff's claims with prejudice. [28]. On April 20, 2016, plaintiff filed a motion to alter or amend the judgment, asking that I amend the dismissal to one without prejudice, as my summary judgment ruling was based on the fact that plaintiff lacked standing to bring her ERISA claims. Traditionally, if a plaintiff lacked standing to assert ERISA claims, the Court dismissed the claims without prejudice, so the Court entered an Amended Judgment on April 22, 2016, which dismissed plaintiff's claims without prejudice.

The same day, defendant filed its own motion to alter or amend the judgment to once again reflect that the dismissal was one with prejudice instead of without. In support of its motion, defendant cited *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387 (2014), in which the United States Supreme Court clarified that the question of statutory standing is properly recast as one of statutory coverage – in other words, whether plaintiff "falls within the class of plaintiffs whom Congress has authorized to sue . . . . [W]e ask whether [plaintiff] has a cause of action under the statute." *Id.* This issue continues to be a confusing one for courts. *See Vander Luitgaren v. Sun Life Assurance Co. of Canada,* 765 F.3d 59, 63 n.3 (1st Cir. 2014) (acknowledging that the issue of whether statutory standing under ERISA is jurisdictional is "complicated" post-*Lexmark*). However, since *Lexmark* it appears that plaintiff's complaint was properly dismissed with prejudice the first time and the Judgment should not have been amended to reflect a dismissal without prejudice. *See Grasso Enterprises, LLC v. Express Scripts, Inc.*, 809 F.3d 1033, 1040 (8th Cir. 2016) (applying *Lexmark* to issue of whether plaintiffs have standing to bring action as beneficiaries under ERISA); *Pennsylvania Chiropractic Ass'n v. Independence Hosp. Indemnity Plan, Inc.*, 802 F.3d 926, 928 (7th Cir. 2015) (whether plaintiff has standing to pursue ERISA claim as participant or beneficiary is "misnomer" and post-*Lexmark* is properly framed as one of "statutory coverage"); *Metcalf v.*

*Blue Cross Blue Shield of Michigan*, 57 F. Supp. 3d 1281, (D. Ore. 2014) (whether plaintiff is a "beneficiary" entitled to bring suit under ERISA is not a matter of standing but a question on the merits after *Lexmark*). Therefore, I will grant defendant's motion to alter or amend, vacate the Memorandum and Order Nunc Pro Tunc and Amended Judgment entered on April 22, 2016, and reinstate the Judgment entered on March 23, 2016.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to alter or amend filed by defendant [34] is granted to the following extent: the Memorandum and Order Nunc Pro Tunc [32] and Amended Judgment [33] entered on April 22, 2016 are **VACATED**, and the Judgment entered on March 23, 2016 [28] is **REINSTATED**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of May, 2016.